ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| KF&S Corp. | ) | ASBCA Nos. 62223, 62292 |
| | ) | |
| Under Contract No. W91QVN-15-D-0027 | ) | |

APPEARANCE FOR THE APPELLANT:        Song Yong Eui, Esq.
                                                                  Central IP & Law
                                                                  Seoul, Korea

APPEARANCES FOR THE GOVERNMENT:    Scott N. Flesch, Esq.
                                                                  Chief Trial Attorney
                                                                  MAJ Abraham Young, JA
                                                                  Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT
ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The dispute concerns a firm-fixed-price contract, Contract No. W91QVN-15-D-0027 (the contract), between the United States Army (the government or the Army) and KF&S Corp. (KF&S or appellant), to provide security guard services at access control points in the Republic of Korea (Korea or ROK). During performance of the contract, the Korean minimum wage increased. KF&S requested an adjustment for the increased minimum wages. The contracting officer denied the claim. Appellant appealed. The government filed a motion for summary judgment, arguing that appellant could not obtain the relief it sought because the contract did not contain a clause permitting price adjustments due to labor changes. Appellant responded[1] that the applicable clauses were not included due to the government's discriminatory practice of including the clauses in domestic contracts but not in foreign contracts and should now be included in the contract as a matter of law. We grant the government's motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The Army awarded the contract on June 25, 2015 (R4, tab 1 at 1).

_____

[1] Appellant titled its submission as "Motion to Deny Government's Motion for Summary Judgment" but we are treating it as appellant's response to the motion.

2.  The contract included a requirement to ensure compliance with "Article 65, ROK Labor law" (R4, tab 1 at 69 ¶ 6.3.2).[2]

3.  The contract incorporated, by reference, Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (DEC 2014) (R4, tab 1 at 93).

4.  FAR 252.222-7002, COMPLIANCE WITH LOCAL LABOR LAWS (OVERSEAS) (JUN 1997) was incorporated into the contract and stated:

> (a) The Contractor shall comply with all—
>
> (1) Local laws, regulations, and labor union agreements governing work hours; and
>
> (2) Labor regulations including collective bargaining agreements, workers' compensation, working conditions, fringe benefits, and labor standards or labor contract matters.
>
> (b) The Contractor indemnifies and holds harmless the United States Government from all claims arising out of the requirements of this clause. This indemnity includes the Contractor's obligation to handle and settle, without cost to the United States Government, any claims or litigation concerning allegations that the Contractor or the United States Government, or both, have not fully complied with local labor laws or regulations relating to the performance of work required by this contract.
>
> (c) Notwithstanding paragraph (b) of this clause, consistent with paragraphs 31.205-15(a) and 31.205-47(d) of the Federal Acquisition Regulation, the Contractor will be reimbursed for the costs of all fines, penalties, and reasonable litigation expenses incurred as a result of compliance with specific contract terms and conditions or written instructions from the Contracting officer.

(R4, tab 1 at 104)

---

[2] This clause was essentially incorporated by reference and appears to pertain to Korean labor laws, such as minimum wage requirements.

5. The contract included Army Federal Acquisition Regulation Supplement (AFARS) 5152.222-4034, KOREAN LABOR LAW which stated:

> Contractors and subcontractors at all tiers, shall honor employees' rights in full compliance with Korean Labor Law, including the rights of succession of employment. Failure to comply may be deemed breach or default of the contract and evidence of nonresponsibility. Such violation of Korean Labor Law may be evidenced by a Republic of Korea Ministry of Labor determination, a court decision, or a Labor Relations Commission adjudication. If a contractor is found to be in serious violation and fails to take adequate corrective action promptly, [United States Forces Korea] may consider this grounds for determining the contractor to be non-responsible for future Government contracts.

(R4, tab 1 at 113)

6. FAR 52.222-43, FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT LABOR STANDARDS-PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS) (MAY 2014) was not contained in the contract. Due to the fact that the contract was to be performed outside the United States, we find that this clause was properly excluded from the contract.

7. Similarly, DFARS 252.216-7003, ECONOMIC PRICE ADJUSTMENT— WAGE RATES OR MATERIAL PRICES CONTROLLED BY A FOREIGN GOVERNMENT (MAR 2012) was not included in the contract. We find that the applicable provision promulgating usage of this clause allows for its discretionary use in contracts performed in a foreign country and, as such, was not mandated for inclusion into the subject contract.

8. On August 7, 2017, KF&S submitted a request to the contracting officer (CO) to increase the price of the contract based on an increase in the Korean minimum wage laws (R4, tab 11 at 3, 33).

9. On August 8, 2019, KF&S filed a certified claim with the CO, requesting additional funds to cover the increases in the Korean minimum wage laws (R4, tab 11). Appellant stated that FAR 52.222-43 should have been included in the contract and needed to be applied even though it was not (R4, tab 11 at 3). Appellant classified the government's prior denials of its request for equitable adjustment for the same issue as a misunderstanding or confusion of the claim (R4, tab 11 at 3-4). Appellant stated that the government was mistaken when it denied the requests because none of the rates were

below the minimum wage (R4, tab 11 at 3-4). Appellant provided a breakdown of the claim (R4, tab 11 at 4-5).

10. On October 4, 2019, the CO issued a Final Decision (COFD), denying the claim in full (R4, tab 14). The CO asserted that appellant incorrectly asserted that FAR 52.222-43 should be applied to the contract (R4, tab 14 at 2). The CO also stated that DFARS 252.216-7003 "was intentionally excluded" from the contract (R4, tab 14 at 2). The CO also opined that appellant misinterpreted the Minimum Wage Act because none of appellant's employees were paid less than the minimum wage (R4, tab 14 at 2).

11. On October 18, 2019, appellant filed an appeal at the Board. The appeal was docketed as ASBCA No. 62223.

12. In its complaint, appellant alleged that the government should have included an escalation clause to allow for ROK minimum wage increases (compl. at 1-2). Appellant stated that the CO's act of denying KF&S's claim for increased costs was arbitrary and capricious because the CO focused on "basic pay" instead of comparing the proposed hourly wage with the ROK minimum wage requirement (compl. at 5). Further, appellant stated that KF&S was unfairly required to accept the full risk of the ROK hourly wage increase (compl. at 5). Appellant also discussed how a proposed hourly wage should be calculated (compl. at 7-12). Appellant argued that because the contract required it to comply with Korean law, FAR 52.222-43 required the government pay for any increases in the ROK labor laws (compl. at 12-14).

13. On December 4, 2019, appellant filed an appeal to update the amount claimed to include performance of the contract for a later timeframe. The Board docketed this appeal as ASBCA No. 62292 and consolidated it with ASBCA No. 62223.

14. On December 26, 2019, the Board granted the government's request to apply the motion for summary judgment to both appeals because both complaints arose from increases in the minimum wage in Korea but applied to different timeframes and permitted appellant to respond again.

## CONTENTIONS OF THE PARTIES

The government filed a motion for summary judgment, arguing that the contract contained two clauses requiring KF&S to comply with Korean labor laws but that the contract did not contain any price escalation clauses (gov't MSJ at 4-8). The government agreed that appellant was required to follow Korean law (gov't MSJ at 4). The government also agreed that FAR 52.222-43 was not contained in the contract; however, the government argued that the clause would not be proper in a foreign contract (gov't MSJ at 7-8). The government also argued that DFARS 252.216-7003 was a discretionary

4

clause that the CO decided not to include, even though appellant did not raise any arguments concerning the clause (gov't MSJ at 8-9).

In its response to the government's motion for summary judgment, appellant argued that the CO should have paid for costs that it incurred due to ROK laws that increased minimum wages, relying on a theory of breach of the covenant of good faith and fair dealing (app. resp. at 1).[3] Specifically, appellant argued that: 1) the terms of the contract were unfair because the government included a clause requiring contractors to comply with Korean labor law but did not include a clause to cover escalations in minimum wage laws (app. resp. at 3); 2) FAR 52.222-43 was or should have been applicable to the contract (app. resp. at 3); 3) the decision by the CO to exclude DFARS 252.216-7003 was arbitrary and capricious (app. resp. at 4); and 4) including AFARS 5152.222-4034 meant the government should have included a price escalation clause (app. resp. at 7). Appellant did not assert that the CO promised to pay additional funds or shift the risk on the firm, fixed-price contract (app. resp.).

In the government's reply, the Army stated that most of the arguments appellant raised were new claims and theories (gov't reply at 1). The government also individually addressed appellant's arguments (gov't reply).

Appellant responded and essentially raised the same issues as in its original response but argued that DFARS 252.216-7003 was a proper clause to consider and should have been included in the contract (app. second resp. at 3-4). Thus, the government's failure to include the clause was an abuse of the CO's discretion and was arbitrary and capricious (app. second resp. at 4). Appellant also admitted that it raised new claims in its response (app. second resp. 1-2) ("Now that the matters contained in the Motion to Deny are before the Board, the Appellant respectfully requests that the Board go ahead and consider matters raised in the Motion to Deny.").

<u>DECISION</u>

I.  GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper if the record and pleadings demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The moving party bears the burden of establishing the absence of any genuine issue of material fact, and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment." *Chugach Federal Solutions, Inc.*, ASBCA No. 61320, 20-1 BCA ¶ 37,617 at 182,594 (citing *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387,

---

[3] Appellant calls this "an implied duty of fair dealing and cooperation" and cites *Malone v. United States*, 849 F.2d 1441, 1445 (Fed. Cir. 1988) (app. resp. at 1).

1390-91 (Fed. Cir. 1987)).  To defeat a motion for summary judgment, a non-moving party must set forth sufficient facts to demonstrate that a genuine issue of material fact exists.  *AXXON International, LLC*, ASBCA No. 61224 *et al.*, 20-1 BCA ¶ 37,489 at 182,144 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A genuine issue of material fact arises when the nonmovant presents sufficient evidence upon which a reasonable fact finder, drawing the requisite inferences and applying the evidentiary standard, could decide the issue in favor of the nonmovant."  *C. Sanchez and Son, Inc. v. United States*, 6 F.3d 1539, 1541 (Fed. Cir. 1993).  When considering motions for summary judgment, the evidence produced by the non-moving party is to be believed and all justifiable inferences are drawn in its favor.  *Europe Asia Constr. Logistic*, ASBCA No. 61553, 19-1 BCA ¶ 37,267 at 181,351 (citing *American Boys Constr. Co.*, ASBCA No. 61163, 18-1 BCA ¶ 36,949 at 180,051).

Here, the government moved for summary judgment, arguing that appellant asked for price escalations due to changes in Korean labor law when the contract did not contain any clauses requiring or allowing price escalation.  The Board has made findings as to which clauses were contained in the contract and those clauses that were properly excluded from the contract.  (SOF ¶¶ 2-7)  Accordingly, we hold that the government has met its initial burden of establishing that no material facts exists with regard to the contract clauses.

In response, appellant, as the non-moving party, was required to set forth sufficient facts to demonstrate that a genuine issue of material fact exists.  Unfortunately, appellant failed to meet this burden.  In fact, appellant did not dispute any of the material facts the government proposed and agreed with which clauses were and were not included in the contract (app. resp. at 3).  Appellant also did not assert that the CO promised to pay for increases in Korean labor laws or to pay additional money.  Instead, appellant primarily provided legal arguments, specifically that FAR 52.222-43 should have been included in the contract as a matter of law under a legal theory of breach of the covenant of good faith and fair dealing (app. resp. at 1).  In its second response, appellant added DFARS 252.216-7003 to its legal argument as a required clause and argued that failure to include it was arbitrary and capricious (app. second resp. at 3-4).  Appellant asserted that failing to include the clauses was unfair because the government placed all of the risk of price escalation on the contractor.  However, appellant did not dispute that escalation clauses were not included in the contract and did not allege that the CO ever promised to make them part of the contract.

We cannot decide in favor of appellant even if we consider appellant's position that escalation clauses were required in this contract to be factual, review the argument in the light most favorable to appellant as the non-moving party, and draw all justifiable inferences in its favor.  First, appellant's main argument was that the government should have included the escalation clause in the contract because it was unfair for the contractor to accept all of the risk in this foreign contract.  However, it is well-settled that the contractor

assumes the risk of cost increases in firm, fixed-price contracts, except as specifically provided for in the contract. *All Star/SAB Pacific, J.V.*, ASBCA No. 50856, 98-2 BCA ¶ 29,958 at 148,234, *recon. denied*, 99-1 BCA ¶ 30,214. In this firm, fixed-price contract, appellant assumed the risk of the cost increases and the government did not include risk-shifting clauses in the contract. Accordingly, appellant's arguments must fail.

Next, as to the escalation clauses appellant presented as being required, FAR 52.222-43 and DFARS 252.216-7003, we have found that they are not actually required clauses. FAR 52.222-43 is not applicable to foreign contracts (SOF ¶ 6). DFARS 252.216-7003 is discretionary (SOF ¶ 7). None of the applicable provisions in the FAR required the government to include either of these price escalation clauses. For example, with regard to FAR 52.222-43, the applicable provision for use of the clause states the clause is subject to geographical limits and "does not apply to contracts performed outside the United States." FAR 22.1003-2, GEOGRAPHICAL COVERAGE OF THE SERVICE CONTRACT LABOR STANDARDS STATUTE (APR 2014). Moreover, with regard to DFARS 252.216-7003, the applicable provision reads as follows:

> *[M]ay* be used in fixed-price supply and service solicitations and contracts when—(A) The contract is to be performed wholly or in part in a foreign country; and (B) A foreign government controls wage rates or material prices and may, during contract performance, impose a mandatory change in wages or prices of material

DFARS 216.203-4-70, ADDITIONAL PROVISIONS AND CLAUSES (JUL 2013). (Emphasis added)

Finally, the government's decision to not include any escalation clauses occurred during the formation of the contract, not during administration of the contract. "[I]t is well established that the duty of good faith and fair dealing applies to government conduct during the performance of the contract, and does not apply to government actions during the formation of the contract." *Chugach Federal Solutions, Inc.*, ASBCA No. 61320, 20-1 BCA ¶ 37,617 at 182,596 (citing *Scott Timber Co. v. United States*, 692 F.3d 1365, 1372 (Fed. Cir. 2012)). The failure to include any price escalation clauses occurred prior to award, not during the formation of the contract, so we are unable to decide the issue in favor of appellant.

## CONCLUSION

The government's motion for summary judgment is granted.  The appeals are denied.

Dated:  December 9, 2020

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62223, 62292, Appeals of KF&S Corp., rendered in conformance with the Board's Charter.

Dated:  December 10, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals